UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

JERRY MASSEY )
)
v. ) NO. 2:06-CV-76
)
ROOKIE INMAN; MEDICAL STAFF )

## **MEMORANDUM and ORDER**

Jerry Massey, a prisoner confined in the Hamblen County Jail, brings this *pro se* civil rights action for injunctive relief under 42 U.S.C. § 1983. The plaintiff's application to proceed *in forma pauperis* is **GRANTED**. (Doc. 1). However, since the plaintiff is a prisoner, he is **ASSESSED** the full filing fee of three hundred, fifty dollars ($350.00). 28 U.S.C. § 1914(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir.1997).[1]

In his complaint, the plaintiff states his claim in its entirety as follows:

---

[1] A prisoner who files a federal civil case *in forma pauperis* must be assessed the entire filing fee. Typically, after the fee has been assessed, the custodian of inmate trust accounts at the facility wherein the prisoner is housed is ordered to submit installment payments to the Clerk of Court, until the full amount of the filing fee has been paid. The Court takes judicial notice that, in another Hamblen County prisoner's case, the plaintiff submitted a statement signed by the Chief Jailer, stating that the facility does not keep or maintain prisoner trust accounts. *See Flannery v. Hamblen County Sheriff's Dep't Medical Staff*, Civil Number 2:05-cv-148, Doc. 6. Thus, the Court concludes that the plaintiff has no inmate trust fund from which to draw periodic payments to satisfy the filing fee. Nevertheless, the plaintiff has been assessed the filing fee and this constitutes a financial obligation on the part of the plaintiff.

> "I've had 2 sergeys (sic) and I'm having probems (sic) now and this jail will not doing (sic) anything for me. I've had a stroke before I need to talk with somebody about this matter. Other Inmates are planning on fileing (sic) lawsuit also. Somthing (sic) needs to be done about this Jail It's over full Roaches are real bad. Thank You." Compl. at 3 ¶ IV.

The Court infers that the plaintiff is contending that he is being denied medical care and subjected to wrongful housing conditions in violation of the Eighth Amendment to the United States Constitution. The Court now must screen the complaint to determine whether it should be dismissed as frivolous, malicious or for failure to state a claim or whether monetary damages are sought from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A.

At the outset, if the complaint can be read as asserting that the rights of other inmates are being infringed since they too are subject to the complained of conditions, any such a claim fails. The plaintiff has standing to assert his own rights, not those of other inmates. *Whitmore v. Arkansas*, 495 U.S. 149 (1990).

The plaintiff's first contention involving only himself is that he once had a stroke and twice had surgery and is now experiencing unspecified medical problems (impliedly, as a result of the surgeries). The Eighth Amendment is violated when prison authorities are deliberately indifferent to the serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97 (1976). An Eighth Amendment claim has both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The objective component requires the plaintiff to show a "sufficiently serious" deprivation. *Id.* A medical need may be objectively serious if even a lay person would recognize the seriousness of the need for medical care. *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (citing *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). The subjective component requires a showing of a sufficiently culpable state of mind—one of deliberate indifference. *Farmer*, 511 U.S. at 842. Deliberate indifference is illustrated by a prison official who acts or fails to act despite knowledge of a substantial risk of serious harm to the inmate. *Id*.

There is nothing in the pleading to establish the objective component. The plaintiff contends that he is having "problems," but he has not advanced any allegations of fact to show the nature of those claimed problems. Absent some description or indication of his symptoms or the condition for which he was denied medical care, the plaintiff has not demonstrated a sufficiently serious deprivation. Since the plaintiff has not demonstrated that he had a serious medical need, he fails to state an Eighth Amendment claim for the denial of medical care.

The plaintiff's next contention is that the jail is overcrowded and has a "real bad" roach problem. To succeed on a claim of inhumane housing conditions, the plaintiff must demonstrate that the questioned condition posed an excessive risk to his health or safety to which a defendant was deliberately indifferent. *Farmer*, 511 U.S.

834, 842. Overcrowding, in and of itself, is not unconstitutional. *Owens v. Campbell*, 198 F.3d 246, 1999 WL 1023690, *1 (6th Cir. Nov. 5, 1999)(citing *Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981)). Of course, if overcrowded conditions cause an inmate to be denied the minimal civilized measure of life's basic necessities, such as food, warmth, or exercise, the Eighth Amendment is offended. *Wilson v. Seiter*, 501 U.S. 294, 298, 304 (1991).

Here, the plaintiff has not established that the claimed problem with roaches has deprived him of a single, identifiable human need. The plaintiff, understandably, may find the presence of roaches detestable, but he has not shown that his exposure to roaches has significantly endangered his health or safety.

Even if the roach problem at the jail posed an excessive health risk to the plaintiff, the face of the complaint does not contain any evidence of deliberate indifference. *Farmer*, 511 U.S. 838 (explaining that liability does not attach "solely because of the presence of objectively inhumane prison conditions") (citing to *Wilson*, 501 U.S., at 299-302). This is so because the pleading contains no factual allegations to show that the defendants actually knew of but disregarded the purported roach infestation. *See Farmer*, 511 U.S. at 837 (deliberate indifference shown where official is aware of facts from which to infer that a substantial risk of serious harm exists *and* where he actually draws the inference). Logically, a defendant who has no knowledge

of a condition cannot consciously disregard any attendant risk of serious harm to an inmate's health or safety.

A court is not required to conjure up unpleaded facts to save a complaint from dismissal, *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007); the burden of pleading facts that, if true, will support a constitutional violation lies with a plaintiff. The plaintiff has not carried that burden.

By separate order, this case will be dismissed for failure to state a claim entitling the plaintiff to relief under § 1983. 28 U.S.C. § 1915(e)(2) and § 1915A.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
